IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALJAWON DAWYANE MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 3:18-CV-973-WHA-CSC |
| | ) | |
| TERRANCE WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff, Aljawon Dawyane Miles, filed the instant action under 42 U.S.C. § 1983 against Defendant Terrance Walker, seeking relief for certain claimed violations of his federally protected rights in connection with his arrest and subsequent revocation of supervised release.[1] Doc. 6. Pursuant to the Court's orders, Defendant filed an answer, special report, supplemental special report, and supporting evidentiary material addressing Plaintiff's claims for relief. Docs. 9, 16, 19. The Court subsequently informed Plaintiff that Defendant's special report, as supplemented, may, at any time, be treated as a motion for summary judgment, and the Court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Doc. 20. Plaintiff filed his response to Defendant's special report. Doc. 27. This case is now pending on Defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Defendant's motion for summary judgment is due to be granted.

### I. Standard

To survive the properly supported motion for summary judgment submitted by Defendant Walker, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case,

---

[1] While Plaintiff was incarcerated in the Federal Correctional Institution in Jesup, Georgia on the date he filed this case (Doc. 1 at 2), it appears he has since been released. *See* Docs. 33, 34.

and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to establish that there is a genuine issue as to a material fact to preclude summary judgment.

## II. Factual Background

By way of overview, Plaintiff commenced this pro se action for alleged violations of his federally protected constitutional rights in connection with his arrest by Defendant Walker in May 2017. Doc. 6. Plaintiff's two-count complaint asserts, Defendant Walker, without probable cause, falsely arrested Plaintiff, and, as a result, Plaintiff was falsely imprisoned. *Id.* at 2-3.

More specifically, Plaintiff explains that Defendant Walker arrested Plaintiff for violating the Sex Offender Registration and Notification Act ("SORNA"). *Id.* at 3. Plaintiff asserts Defendant Walker knowingly relied on false statements by a Keanna Franklin, who represented to Defendant Walker, that Plaintiff was living with her. *Id.* at 6; *see also* Doc. 19-1 at 9. Plaintiff maintains, while Ms. Franklin provided an envelope to Defendant Walker showing that Plaintiff resided at her residence, this envelope was fake. Doc. 6 at 6-7; *see also* Doc. 19-1 at 7. Plaintiff alleges Ms. Franklin spoke to Defendant Walker prior to producing the fake envelope and asked Defendant Walker how she could have Plaintiff "locked up." Doc. 6 at 6. Plaintiff further asserts, when Defendant Walker requested Plaintiff to turn himself in, he provided Defendant Walker with a statement from AT&T, showing that the address where his bills went was not Ms. Franklin's address. *Id.* Plaintiff maintains, because Ms. Franklin had an outstanding warrant for fraud, Defendant Walker knew Ms. Franklin was lying. *Id.*

While Plaintiff fails to assert under which constitutional provision he seeks relief, the Court understands his allegations to assert violations of his Fourth and Fourteenth Amendment rights.[2]

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff:

---

[2]     *See Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014) (recognizing the plaintiff's claims of false arrest fell under Fourth Amendment protection); *see also Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) ("[u]nder section 1983, [Plaintiff] must meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment.") (citations omitted).

Plaintiff is a convicted adult sex offender who is required to appear in person and notify local law enforcement of any change in residency. *See USA v. Miles*, case no: 3:09-cr-00132-WHA-WC-1, Crim. Doc. 1 (MD. Ala. July 29, 2009).[3]   In May 2017, Defendant Walker, an officer with the Phenix City Police Department, charged with investigating SORNA violations, determined probable cause existed to obtain a warrant for Plaintiff's arrest for violating conditions of his supervised release. Doc. 19-1.  Plaintiff was arrested on May 11, 2017 (Doc. 16 at 2), and the next day, a petition for revocation of Plaintiff's supervised release was filed after Defendant Walker's investigation revealed: (1) Plaintiff resided less than 2,000 feet from a high school, and (2) Plaintiff failed to notify law enforcement when he moved from his residence at 928 28th Ave., Apartment C, in Phenix City, Alabama, to 1604 Auburn Road in Phenix City, Alabama.  Crim. Doc. 55.[4]  In June 2017, the District Court held a final hearing on the petition for revocation of Plaintiff's supervised release.  Crim. Doc. 76.  After hearing testimony from several witnesses, including Defendant Walker, and admitting into evidence, *inter alia*, two witness statements by Keanna Franklin and a copy of a utility bill addressed to Plaintiff, the Court found Plaintiff violated both counts, revoked Plaintiff's supervised release, and directed Plaintiff be imprisoned for 24 months.  *Id.*; *see also* Docs. 75-1, 75-2, 75-3.

Plaintiff appealed and argued "that there was insufficient evidence to establish that he lived at the residence in question because no one testified as to a particular night that he stayed at the residence and the weight of the evidence was in favor of [Plaintiff] not residing there."  Crim. Doc. 91.  Plaintiff also argued that "his sentence [was] procedurally unreasonable because the district court failed to provide any explanation for the sentence, to acknowledge the parties' arguments, or to meaningfully consider any of the 18 U.S.C. § 3553(a) factors."  *Id*.  The United States Court of Appeals for the Eleventh Circuit found that while "[t]here was sufficient evidence for the district court to find that [Plaintiff] lived at the residence. . . .", because the District Court failed to state whether it had considered the parties' arguments pertaining to Plaintiff's sentence, the Circuit Court remanded the case "to establish at resentencing that it has engaged in reasoned judgment by considering the Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing arguments."  *Id*.

On remand, the District Court again, found Plaintiff violated both conditions, revoked Plaintiff's supervised release, and committed Plaintiff to the custody of the Federal Bureau of Prisons

---

[3]       The Court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

[4]       "Crim. Doc." refers to the docket entries in Plaintiff's criminal case, case no: 3:09-cr-00132-WHA-WC. "Doc." refers to the docket entries in Plaintiff's pending civil case, case no: 3:18-CV-973-WHA-CSC.

for 24 months. Crim. Doc. 96. And while Plaintiff appealed the revocation, he later voluntarily moved to dismiss his appeal. Crim. Doc. 110.

Additional facts are set forth as necessary.

### III.   Discussion

Plaintiff's amended complaint asserts, he did not commit the two violations and that prior to his arrest, he told Defendant Walker that he "filed a police report on Keanna Franklin for stealing [his] money." Doc. 6 at 6. Plaintiff explains, two days after he filed the police report, Plaintiff received a call from Defendant Walker, who stated he spoke to Ms. Franklin and that Ms. Franklin was trying to get Plaintiff "locked up." *Id.* Plaintiff asserts Ms. Franklin produced a fabricated utility bill with his name and her address of 1604 Auburn Road. *Id.* Plaintiff contends Defendant Walker knew this utility bill was false and that Ms. Franklin produced the utility bill in retaliation for filing a police report against her. *Id.*

Defendant Walker asserts, *inter alia*, following his own investigation and speaking to Ms. Franklin, he had probable cause to issue a warrant for Plaintiff's arrest and that Plaintiff was ultimately found guilty of the two counts of SORNA violations by the District Court. Docs. 16, 19-1. Defendant Walker argues he is entitled to qualified, governmental, absolute, and discretionary immunity, that Plaintiff's amended complaint fails to state a claim upon which relief, and that Plaintiff is not entitled to punitive damages. *See* Docs. 9, 16.

The essence of Plaintiff's amended complaint is that Defendant Walker knowingly relied on false or contradictory evidence and statements when issuing a warrant for Plaintiff's arrest for (1) residing less than 2,000 feet from a high school and (2) for failing to notify law enforcement of moving from his residence at 928 28th Ave., Apartment C, to 1604 Auburn Road. On April 26, 2018, however, the District Court entered an order finding Plaintiff violated the two counts, and therefore, revoked Plaintiff's conditional release and directed Plaintiff to serve 24 months' imprisonment in the Federal Bureau of Prisons. Crim. Doc. 96. There is, therefore, a question as to whether Plaintiff may seek damages in a § 1983 action at all.

### A. The Heck v. Humphrey Bar

The viability of Plaintiff's case turns on the application of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* involved a 42 U.S.C. § 1983 action in which a prisoner challenged his conviction and sought to recover monetary damages. The Supreme Court affirmed dismissal of the action and held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render

a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 486–87. The *Heck* decision involved a *pro se* prisoner bringing a Section 1983 action. Post-*Heck*, it seemed that the Supreme Court left unresolved the issue of whether the *Heck* bar—the favorable termination requirement—applied only to Section 1983 actions brought by prisoners who were also able to bring a habeas corpus petition. Thus, a circuit split has developed regarding the application of the Heck bar to situations where the plaintiff can no longer bring a habeas petition and asserts a Section 1983 complaint attacking his sentence or conviction. *See Topa v. Melendez*, 739 F. App'x 516, 519 n 2 (11th Cir. 2018).

In an unpublished opinion, *Vickers v. Donahue*, 137 F. App'x 285, 289 (11th Cir. 2005), where the plaintiff alleged "Fourth, Eighth, and Fourteenth Amendment violations for malicious and false arrest," the Eleventh Circuit held that "the *Heck* bar applies to [a plaintiff's] claim despite the unavailability of habeas relief." *Id.* The court noted that "Vickers was not without a remedy to seek post-revocation relief" and his claim "would imply the invalidity of the order of revocation and nine-month sentence he received." *Id.*

Similarly, in *Christy v. Sheriff of Palm Beach Cnty., Fla.*, the Eleventh Circuit found that the district court "was correct to dismiss [Christy's] claims under *Heck* because if Christy prevailed on these two claims, it would necessarily imply the invalidity of his 1985 conviction." 288 F. App'x 658, 666 (11th Cir. 2008). Citing *Vickers*, the Court went on to indicate, "with respect to [plaintiff's] assertion that his lawsuit must be allowed to proceed because habeas relief is unavailable, we have expressly declined to consider that issue in an opinion where the § 1983 action is otherwise barred under Heck [because it would necessarily undermine his underlying conviction]." *Id.* (internal citation omitted).

Given this guidance from the Eleventh Circuit, in determining whether the *Heck* bar applies to cases where no habeas relief is available, a court will consider whether ruling in favor of Plaintiff would necessarily invalidate the underlying conviction and whether Plaintiff had any other avenue of relief available.

### B. Applying Heck

The *Heck* favorable-termination requirement applies in this case and, thus, Plaintiff's claims are barred. First, Plaintiff's claims directly imply the invalidity of Plaintiff's supervised release revocation. *Reilly v. Herrera*, 622 F. App'x 832, 834 (11th Cir. 2015). Plaintiff alleged that he never violated the conditions of his supervised release, and that Defendant Walker knowingly issued a warrant for Plaintiff's arrest based upon false statements and fabricated evidence. *See* Doc. 27 at 4. If Defendant Walker did, in fact, engage in such actions, Plaintiff's arrest would be unlawful and the revocation itself would be invalid. "Such a claim falls squarely within the purview of *Heck*." *See Reilly*, 622 F. App'x at 834–35.

Second, while Plaintiff in this case appears to no longer be incarcerated,[5] and therefore cannot seek habeas relief, the *Heck* bar still applies to Plaintiff's claims. Plaintiff had an adequate remedy at law because he could have pursued claims regarding the constitutionality of the revocation of his supervised release and any orders issued in this proceeding to the Eleventh Circuit Court of Appeals. In fact, Plaintiff did appeal the revocation of his supervised release, but later filed a motion to voluntarily dismiss his appeal.

The *Heck* decision "den[ies] the existence of a cause of action" because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id*. at 489-90. Because Plaintiff has not shown that the revocation of his supervised release has been invalidated, he cannot meet the *Heck* favorable-termination requirement, and his claims are due to be dismissed.

In light of the foregoing, the Court concludes that Plaintiff's claims should be dismissed for failure to state a claim upon which relief maybe granted because Plaintiff has not satisfied *Heck'*s favorable-termination requirement. Such dismissal should be without prejudice to Plaintiff re-filing the claim in the event he obtains an invalidation of the District Court's revocation of his supervised release.

### IV.   Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[5]     The Supreme Court's holding in *Heck* encompasses Section 1983 suits by former prisoners. Writing for the majority, Justice Scalia notes that "the principle barring collateral attacks-a longstanding and deeply rooted feature of both the common law and our own jurisprudence-is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490 n. 10.

1. The motion for summary judgment on behalf of Defendant be GRANTED;[6] and

2. This case be dismissed without prejudice under *Heck v. Humphrey.*

It is further

ORDERED that on or before **November 4, 2021**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of October 2021.

/s/ Charles S. Coody
CHARLES S. COODY,
UNITED STATES MAGISTRATE JUDGE

---

[6]    While the Court recommends granting Defendant Walker's motion for summary judgment, to the extent Defendant Walker seeks reimbursement of all costs and fees incurred in defense of this action (Doc. 9 at 8), the Magistrate Judge recommends denying this request. "Under [42 U.S.C.] § 1988, a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Sibley v. Levy*, 203 F. App'x 279, 280–81 (11th Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). To determine "whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id*. (quoting *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985)) (internal quotations and citation omitted). "The three factors we have noted to be used in determining if a claim was frivolous are: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *Id*. (quoting *Sullivan*, 773 F.2d at 1189). While the Eleventh Circuit acknowledges frivolous cases may be dismissed on summary judgment (*id*.), here, the Court recommends dismissal without prejudice. Based on a review of the record, the Court does not find this case to be frivolous and recommends denying Defendant's request for reimbursement.